1

2

3

4

5

6

7

8

9            **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12   BETH MAXWELL STRATTON,                    CASE NO. CV F 07-0584 LJO
     as Chapter 7 Trustee for the Estate of
13   Josephine Bellardita,                     **ORDER ON DEFENDANT'S MOTION TO**
                                               **WITHDRAW BANKRUPTCY REFERENCE**
14                     Plaintiff,              (Doc. 1.)

15          vs.

16   VITA BELLA GROUP HOMES, INC.,
     et al.,
17
                       Defendants.
18   _____/

19                                     **INTRODUCTION**

20          Defendants Vita Bella Group Homes, Inc. ("Vita Bella") and Josephine Bellardita ("Ms.

21   Bellardita")[1] seek to withdraw referral to the bankruptcy court of and to transfer to this Court the plaintiff

22   bankruptcy trustee's adversary proceeding alleging fraudulent conveyance claims against Vita Bella and

23   Ms. Bellardita.  This Court considered Vita Bella and Ms. Bellardita's motion to withdraw bankruptcy

24   reference on the record and VACATES the May 30, 2007 hearing, pursuant to this Court's Local Rule

25   78-230(h).  For the reasons discussed below, this Court DENIES Vita Bella and Ms. Bellardita's motion

26   to withdraw bankruptcy reference of the bankruptcy trustee's adversary proceeding.

27   _____

28       [1]        Ms. Bellardita appears in this action as trustee for the Rosario Bellardita Family Trust.

                                              1

## BACKGROUND

### Bankruptcy Court Proceedings

On October 14, 2005, Ms. Bellardita filed her voluntary Chapter 7 petition in the bankruptcy court for this district. On March 9, 2006, plaintiff Beth Maxwell Stratton ("bankruptcy trustee"), trustee of Ms. Bellardita's bankruptcy estate, filed an adversary proceeding in Ms. Bellardita's bankruptcy against Vita Bella and Ms. Bellardita to seek to avoid several real property transfers. On April 19, 2006, Vita Bella and Ms. Bellardita filed a request for a jury trial. On June 19, 2006, the bankruptcy trustee filed her first amended complaint to clarify that the bankruptcy trustee proceeded against Ms. Bellardita as trustee for the Rosario Bellardita Family Trust. On January 10, 2007, the bankruptcy trustee filed her operative second amended complaint to add a nature and extent cause of action.

Similar to the prior complaints, the second amended complaint alleges that Ms. Bellardita transferred three Merced County real property parcels to Vita Bella, which less than five months later transferred the parcels to Ms. Bellardita as trustee of the Rosario Bellardita Family Trust. Like the prior complaints, the second amended complaint alleges four causes of action under 11 U.S.C. § 548(a)(1)(A), (B) to avoid the transfers as made with intent to hinder, delay or defraud creditors and for less than reasonably equivalent consideration. Like the prior complaints, the second amended complaint alleges a fifth cause of action that Ms. Bellardita, in her individual capacity, on behalf of Vita Vella, and as trustee for the Rosario Bellardita Family Trust "were alter egos of one another." The second amended complaint adds a sixth cause of action that to determine whether the real property parcels may be sold or abandoned under 11 U.S.C. § 554, the bankruptcy trustee must determine the nature, extent and validity of Vita Bella and Ms. Bellardita's assertions that they have an interest in the parcels.

### Motion To Withdraw Bankruptcy Reference

On March 19, 2007, Vita Bella and Ms. Bellardita filed their motion to withdraw the bankruptcy reference and to transfer the adversary proceeding to a district judge on grounds that their motion is timely, the adversary proceedings addresses a non-core bankruptcy matter, the bankruptcy trustee's requested relief mandates a jury trial, substantive non-bankruptcy issues warrant withdrawal of the bankruptcy reference, and this Court has discretion to withdraw the bankruptcy reference. The bankruptcy trustee objects to withdrawal of the bankruptcy reference and desires to proceed in

1 bankruptcy court.

2 **DISCUSSION**

3 **Bankruptcy Withdrawal Standards**

4     A district court may refer bankruptcy cases to "bankruptcy judges for the district." 28 U.S.C.

5 § 157(a). 28 U.S.C. § 157(d) ("section 157(d)") governs a district court's withdrawal of reference to a

6 bankruptcy court:

7 > The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on **timely motion of any party, for cause**

8 > **shown**. The district court shall, on **timely motion of a party**, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both

9 > title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

10

11 Section 157(d) "mandates withdrawal in cases requiring material consideration of non-bankruptcy

12 federal law." *Security Farms v. Int'l Brotherhood of Teamsters, Chauffers, Wharehousemen & Helpers*,

13 124 F.3d 999, 1008 (9th Cir. 1997.)[2] Section 157(d)'s first sentence governs permissive bankruptcy

14 withdrawal: "The district court may withdraw . . . any case or proceeding referred [to the bankruptcy

15 court] on its motion or on timely motion of a party, for cause shown." *Security Farms*, 124 F.3d at 1008

16 (quoting 28 U.S.C. § 157(d)). To determine whether cause exists, a district court should consider the

17 efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration,

18 the prevention of forum shopping, and other related factors. *Security Farms*, 124 F.3d at 1008; *see In*

19 *re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir.1993).

20 **Timeliness**

21     Mandatory or permissive bankruptcy withdrawal under section 157(d) requires a "timely

22 motion." "A motion to withdraw is timely 'if it was made as promptly as possible in light of the

23 developments in the bankruptcy proceeding.'" *Security Farms*, 124 F.3d at 1007, n. 3 (quoting *In re*

24 *Baldwin-United Corp.*, 57 B.R. 751, 754 (S.D. Ohio 1985)). "In essence, the courts have established

25 a requirement that the motion to withdraw the reference be made at the first reasonable opportunity as

26 _____

27 [2]   By contrast, permissive withdrawal does not hinge on the presence of substantial and material questions of federal law. *Security Farms*, 124 F.3d at 1008, n. 4.

28

1  evaluated within the specific factual context presented." *In re Chateaugay Corp.*, 104 B.R. 622, 624
2  (S.D.N.Y. 1989).

3      Vita Bella and Ms. Bellardita contend that their bankruptcy withdrawal motion is timely in that
4  such motion was not triggered until the January 10, 2007 filing of the bankruptcy trustee's second
5  amended complaint.  The bankruptcy trustee responds that the "nature" of her adversary proceeding
6  against Vita Bella and Ms. Bellardita has been the "same" since it commenced.

7      Vita Bella and Ms. Bellardita point to no substantive grounds to warrant delay to seek bankruptcy
8  withdrawal more than a year after the bankruptcy trustee filed her adversary proceeding.  Vita Bella and
9  Ms. Bellardita fail to explain how the second amended complaint triggered grounds for bankruptcy
10 withdrawal, especially given that bankruptcy trustee's critical claims remained consistent through the
11 amended complaints.  If sincere to seek bankruptcy withdrawal, Vita Bella and Ms. Bellardita were
12 compelled to proceed promptly in light of the developments in the bankruptcy.  Vita Bella and Ms.
13 Bellardita address no developments in Ms. Bellardita's bankruptcy proceeding to warrant a year's delay
14 from the filing of the adversary proceeding to seek bankruptcy withdrawal.  Vita Bella and Ms.
15 Bellardita's attempt at bankruptcy withdrawal is untimely.

16     Although Vita Bella and Ms. Bellardita's untimeliness is dispositive of their motion to withdraw
17 bankruptcy reference, this Court will address Vita Bella and Ms. Bellardita's other points.

18                                    **Core Proceeding**

19     Vita Bella and Ms. Bellardita acknowledge that the bankruptcy trustee pursues 11 U.S.C. § 548
20 claims to avoid fraudulent conveyances.  Yet, Vita Bella and Ms. Bellardita suggest that the "essence"
21 of such claims "is grounded in State law."  Vita Bella and Ms. Bellardita incorrectly insinuate that the
22 bankruptcy trustee "inserted" for the first time in the second amended complaint an alter ego liability
23 claim "wholly originating under the common law."

24     As the bankruptcy trustee notes, the heart of her claims is to avoid fraudulent conveyances.
25 Under 28 U.S.C. § 157(b), bankruptcy judges are assigned to "hear and determine . . . all core
26 proceedings arising under title 11," including "proceedings to determine, avoid, or recover fraudulent
27 conveyances."  28 U.S.C. § 157(b)(2)(H).  Since its initiation, the bankruptcy trustee's adversary
28 proceeding has been a core proceeding, and the second amended complaint does not transform it into

1  an action based on state or common law to deprive bankruptcy referral.  The alter ego liability claim has

2  been present since the bankruptcy trustee filed her original complaint.

3  **Jury Trial**

4  Vita Bella and Ms. Bellardita argue that their jury demand entitles them to a jury trial .  The

5  bankruptcy trustee correctly notes that Vita Bella and Ms. Bellardita fail to demonstrate that the matters

6  at issue entitle them to a jury trial.

7  Again, the essence of the bankruptcy trustee's adversary action is to recover fraudulent real

8  property transfers.  Since an attempt to set aside a fraudulent conveyance of real property is traditionally

9  recognized as equitable in nature, there is no right to a jury trial for such claims.  *In re Pasquariello*, 16

10  F.3d 525, 530 (3rd Cir. 1994).  Courts have held that a defendant is not entitled to a jury trial as to claims

11  seeking to set aside a fraudulent conveyance of real property. *Johnson v. Gardner*, 179 F.2d 114 (9th Cir.

12  1949), *cert. denied*, 339 U.S. 935 (1950); *Damsky v. Zavatt*, 289 F.2d 46 (2nd Cir. 1961).  In *Johnson*,

13  179 F.2d at 117, the Ninth Circuit Court of Appeals held that a jury trial in an action to set aside a

14  fraudulent conveyance was not permitted because it was an action in equity.

15  The bankruptcy trustee's fraudulent conveyance and intertwined claims do not entitle Vita Bella

16  and Ms. Bellardita to a jury trial to upend bankruptcy referral.

17  **Application Of Non-Bankrupty Law**

18  Vita Bella and Ms. Bellardita appear to argue they are entitled to mandatory bankruptcy

19  withdrawal because resolution of the bankruptcy trustee's claims requires consideration of laws other

20  than bankruptcy.  The bankruptcy trustee correctly notes that there is no cause for bankruptcy withdrawal

21  arising from application of non-bankruptcy law.

22  "Withdrawal under 28 U.S.C. § 157(d) is not available merely whenever non-Bankruptcy Code

23  federal statutes will be considered in the Bankruptcy Court proceeding, but is reserved for cases where

24  substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the

25  resolution of the proceeding." *In re Ionosphere Clubs, Inc.*, 103 B.R. 416, 418-19 (S.D.N.Y.1989); *see*

26  *also In re White Motor Corp.*, 42 B.R. 693, 700 (N.D.Ohio 1984) (" '[t]he district court should ... not

27  allow a party to use this provision to require withdrawal where such laws are not material to resolution

28  of the proceeding' " (quoting legislative history)).

1    As discussed above, the bankruptcy trustee pursues 11 U.S.C. 548 claims which are core

2    proceedings subject to bankruptcy court jurisdiction.  Reference to non-bankruptcy law in connection

3    with such claims does not warrant bankruptcy withdrawal.

4                              **Permissive Withdrawal Factors**

5    Vita Bella and Ms. Bellardita suggest that consideration of permissive withdrawal factors reveals

6    cause to withdraw bankruptcy referral.  As a reminder, those factors are efficient use of judicial

7    resources, delay and costs to the parties, uniformity of bankruptcy administration, prevention of forum

8    shopping, and other related factors.  *Security Farms*, 124 F.3d at 1008; *see In re Orion Pictures Corp.*,

9    4 F.3d at 1101.

10   Vita Bella and Ms. Bellardita contend that since they have demanded a jury trial, a bankruptcy

11   court judgment would be defective and "of doubtful usefulness" to erode efficiency.  Vita Bella and Ms.

12   Bellardita broadly generalize that bankruptcy withdrawal "would be far more expeditious."   The

13   bankruptcy trustee responds that as core proceedings, her fraudulent conveyance claims are subject to

14   bankruptcy court authority.  "[T]he bankruptcy court may enter final judgments in so-called core cases,

15   which are appealable to the district court."  *In re Castlerock Properties*, 781 F.2d 159, 161 (9th Cir.

16   1986).

17   The bankruptcy trustee is correct.  Her claims constitute core proceedings subject to the

18   bankruptcy court's initial review and appeal to this Court.  Vita Bella and Ms. Bellardita fail to

19   substantiate their argument to bypass the bankruptcy court.  Other than court efficiency, Vita Bella and

20   Ms. Bellardita fail to address the other permissive withdrawal factors.  The bankruptcy trustee correctly

21   observes that maintaining her adversary proceeding in the bankruptcy court promotes efficiency of

22   judicial resources and bankruptcy administration and that there are no claims of forum shopping or

23   increased delay or costs arising from bankruptcy referral.

24                              **CONCLUSION AND ORDER**

25   For the reasons discussed above, this Court:

26   1.      DENIES defendants Vita Bella Group Homes, Inc. and Josephine Bellardita's motion to

27           withdraw reference to the bankruptcy court of the bankruptcy trustee's adversary

28           proceeding;

6

2.      DECLINES to exercise jurisdiction over the bankruptcy trustee's adversary proceeding;

3.      ORDERS that the bankruptcy trustee's adversary proceeding remain before the bankruptcy court; and

4.      DIRECTS this Court's clerk to close this action.

IT IS SO ORDERED.

**Dated:    May 24, 2007**                          **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE